## MEMORANDUM DECISIONS

CHADWELL v. STATE. (No. 7015.) (Court of Criminal Appeals of Texas. May 31, 1922.) Appeal from Jefferson County Court; D. P. Wheat, Judge. Guy Chadwell was convicted of vagrancy, and he appeals. Affirmed. R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. The conviction is for vagrancy. No statement of facts or bills of exceptions are furnished, and we have discerned no fundamental error. The judgment is therefore affirmed.

WILSON v. STATE. (No. 6996.) (Court of Criminal Appeals of Texas. May 24, 1922.) Appeal from Tarrant County Court at Law; P. W. Seward, Judge. Ollie Wilson was convicted of unlawfully carrying a pistol, and he appeals. Affirmed. R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the county court at law of Tarrant county of unlawfully carrying a pistol, and his punishment fixed at nine months in the county jail. The record is before us without a bill of exceptions or statement of facts. The complaint and information charge a violation of the law, and the charge of the court seems to have adequately presented the legal issues involved. Finding no error in the record, the judgment of the trial court will be affirmed.

COCHRAN v. SHAMBURGER. (No. 1978.) (Court of Civil Appeals of Texas. Amarillo. May 24, 1922.) Appeal from Wichita County Court; Guy Rogers, Judge. Action by B. C. Cochran against C. D. Shamburger. From judgment for defendant, plaintiff appeals. Affirmed. Cook, Spencer & Bailey, of Wichita Falls, for appellant. Mathis & Caldwell, of Wichita Falls, for appellee.

BOYCE J. Affirmed. The appellant at the time he repaired the automobile in question, was either the owner or mortgagee in possession. The repairs were made for his own benefit and under the terms of his mortgage or sales contract with Hudson. If he had any lien on the automobile to cover the cost of such repairs, it was by virtue of such contract, and not by reason of the constitutional and statutory provisions for a mechanic's lien.

WILLIAMS & SCARBOROUGH et al. v. LOVE. (No. 6749.) (Court of Civil Appeals of Texas. San Antonio. May 3, 1922. Rehearing Denied June 7, 1922.) Appeal from Johnson County Court; O. O. Chrisman, Judge. Action by J. F. Love against Williams & Scarborough and others. From a judgment for plaintiff, defendants appeal. Affirmed. F. E. Johnson and E. A. Rice, both of Cleburne, for appellants. Prestridge & Keith of Cleburne, for appellee.

COBBS, J. Appellee filed this suit in the county court of Johnson county against appellants, alleging he purchased from one J. S. Davis an account against the appellants in the sum of $355.90; that the appellants were indebted to him in the sum of $279.95; that appellants were general contractors for building the Cleburne and Weatherford public road, in Johnson county, and that C. P. Batton was their agent, who created said accounts, and purchased the provisions and feed, for which said accounts were created, as their agent. The provisions and feed sold to C. P. Batton, as agent for appellants, were used in feeding the teams and men engaged in building said public road, and appellee sued for the total sum of both accounts, amounting to $635. In the alternative appellee pleaded, if C. P. Batton was not the agent of appellants, then he purchased the provisions for his own use, for his own account, and is liable therefor, and then prays judgment against him in the event appellants are not liable. C. P. Batton filed no answer. Appellants filed exceptions, denial of agency, and full responsive pleadings. The case was tried by a jury upon special issues submitted by the court, which being answer in favor of appellee, the court rendered judgment in favor of appellee against appellants jointly and severally in the sum of $635.85, the full amount sued for, with interest. The appellant has assigned errors, calling in question the supposed errors committed by the court, which we have considered, and find no reversible errors assigned. As this is largely a fact case, and the findings of the jury are supported by the evidence, and as substantial justice has been done, we overrule all assignments, and affirm the judgment of the trial court.